# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GERALD H. MILLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV411-065 |
| WARDEN STANLEY WILLIAMS, and STATE BOARD OF PARDONS and PAROLES, et al, | ) ) ) ) ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

The Court **GRANTS** petitioner Gerald H. Miller's motion for leave to file this action *in forma pauperis*, doc. 2, but it must be **DISMISSED** as a successive 28 U.S.C. § 2254 petition masquerading as an "Application for Leave for an Executive Clemency Hearing." Doc. 1. Miller is a serial habeas filer. In *Miller v. Terry*, CV403-160 (S.D. Ga. 2003), he unsuccessfully petitioned for 28 U.S.C. § 2254 habeas relief in challenging his Chatham County, Georgia convictions for rape and aggravated sodomy. CV403-160, doc. 1 (he used a form § 2254 petition, filed Aug. 20, 2003); doc. 15 (order dismissing petition on untimeliness grounds); docs. 23 & 24 (COA & IFP motions denied); doc. 28 (Fed. R.

Civ. P. 60(b) motion denied); doc. 42 (COA & IFP motions denied); doc. 43 (reconsideration-motion denied); doc. 44 at 1, 2 (Fed. R. Civ. P. 59 & 60(b) motions denied; district judge noted that "Miller continues to beat this dead horse" and thus, future "reconsideration motions" would be "summarily denied") (entered Jun. 16, 2009).

In addition to that nearly *six-year* litigation trek, Miller indirectly attacked his conviction through a 42 U.S.C. § 1983 action, *Miller v. Trawick*, CV403-206 (S.D. Ga. 2003), and it was dismissed by the district judge, *id.*, docs. 7, 12 & 13, who would ultimately deem it an attempted "hedge" against a *Miller v. Terry* loss, thus constituting "a brazen misuse of this Court's resources . . . ." *Id.,* doc. 21.

Undaunted, Miller *again* sought § 2254 relief in *Miller v. Jarriel*, CV608-104, doc. 1 (again using a form § 2254 petition, filed Nov. 20, 2008). Unsurprisingly, the Court dismissed it as both untimely and successive. Doc. 6 (order); doc. 13 (COA/IFP motions denied); doc. 16 (COA/IFP motions again denied); doc. 17 (reconsideration denied); doc. 18 (Rule 59(e)/60(b) motions denied); doc. 26 (COA/IFP motion denied); doc. 32 (COA/IFP motion again denied); doc. 41 (TRO motion denied); doc. 45 (mandamus petition denied as frivolous); doc. 49 (appeal

dismissed as abandoned); doc. 51 (Rule 60(b) motion denied); doc. 55 (IFP and mandamus petition denied), doc. 58 (IFP/COA denied); doc. 60 (IFP and mandamus petition denied), doc. 64 (reconsideration denied); doc. 66 (appeal dismissed for want of prosecution); doc. 68 (reconsideration denied) (entered May 6, 2011). Miller dragged that case out for 897 days.

Now he has opened yet another front in his unrelenting paper war with this Court: An application for "Executive Clemency" that, in substance, is just another § 2254 petition. He makes this clear by raising, *inter alia*, his intent "to prove that he is '*Actually Innocent.*'"[1]

---

[1] If a petitioner's allegations regarding illegal detention relate directly to the fact and duration of his physical confinement, then his sole federal remedy is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *see also Franqui v. Florida*, ___ F.3d. ___, 2011 WL 1532023 at * 2 (11th Cir. Apr. 22, 2011) (a Rule 60(b) motion can be used to challenge the integrity of prior habeas proceedings, but if a petition "seeks . . . an additional shot at release by asserting a new claim," then it sounds in § 2254). Here Miller advances, *inter alia*, an actual innocence claim. Doc. 1 at 8-9 (citing what he deems to be exonerative testimony from his trial transcript and deems other evidence "coached" and "fabricated"). He thus is taking "an additional shot at release by asserting a new claim," *Franqui*, 2011 WL 1532023 at * 2, by petitioning for relief from a state court judgment under which he is being held in custody. That makes his "Application" a § 2254 petition:

> Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381, 124 S.Ct. 786, 791, 157 L.Ed.2d 778 (2003). "They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a

3

CV411-065,[2] doc. 1 at 5-6 (arguing that "[t]he constitution prohibits the imprisonment of one who is innocent of the crime for which he was convicted," and that he is "innocent" because his trial was "fraudulent . . . with fabricated evidence which falls under the newly discovered evidence claim announced in" cases he cites); *id.* at 8 (insisting he was denied a fair trial, suffered an "intentional misrepresentation of his public defense/appellate counsel" along with justice subverted by the State's "misstatements of the law concealing material facts and eyewitnesses from the jury."); *id.* at 9 (arguing that, the State Board of

---

pro se motion's claim and its underlying legal basis." *Id.* at 381-82, 124 S.Ct. at 791-92 (internal citations omitted).

*United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010); *see also Magwood v. Peterson*, ___ U.S. ___, 130 S.Ct. 2788, 2797 (2010).

His actual innocence claim, for that matter, *could* fly in some instances. *See San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (court may consider an untimely petition for federal habeas corpus relief if, by refusing to consider the petition for untimeliness, the court thereby would endorse a "fundamental miscarriage of justice" because it would require that an individual who is actually innocent remain imprisoned). But he "must demonstrate that he is factually innocent rather than legally innocent." *Id.* at 1268; *Sims v. Secretary, Dept. of Corrections*, 2011 WL 1560598 at * 5 (M.D. Fla. Apr. 23, 2011). And, he cannot raise it in a *successive* petition without (a) first presenting it to the Eleventh Circuit; (b) showing, *inter alia*, why such claim could not have been discovered and presented earlier; and (c) meeting the clear and convincing error standard, which includes showing constitutional error coupled with new reliable evidence that was not presented at trial. *In Re Davis*, 565 F.3d 810, 813-24 (11th Cir. 2009); *In re Lambrix*, 624 F.3d 1355, 1363-65 (11th Cir. 2010).

[2] This proceeding was originally filed in the Statesboro Division of this Court, CV611-023, but later transferred to the Savannah Division, CV411-065.

4

Pardons and Paroles must, but has not granted him, a pardon; hence, this Court or the state court should grant him a "'Clemency Hearing' because of the fact Applicant has been arbitrarily and fraudulently deprived of his liberty contrary to law.").[3]

Meanwhile, "[b]ecause [this Court must] conclude that [Miller's latest petition] raise[s] a new habeas claim without first securing [the Eleventh Circuit's] permission to file a second or successive habeas petition, [this Court] lack[s] subject-matter jurisdiction even to consider [it]." *Franqui*, 2011 WL 1532023 at * 5. Accordingly, his § 2254 petition should be **DISMISSED**.

But given Miller's unceasing paper-war against this Court,[4] a $500 filing sanction should now be imposed against him. *See*

---

[3] Obviously aware of the successive writ bar, Miller simply cooked up a new title for his latest § 2254 petition to try to avoid it. Normally when a Court recharacterizes a § 2254 filing labeled as something else, it must first issue a *"Castro* warning." *Castro,* 540 U.S. at 383 (if a defendant's *first* filing is self-labeled something other than a § 2255 motion, then a district court cannot re-characterize it as a § 2255 motion without first warning him that, once reached as a § 2255 motion, he will lose his ability to file any successive § 2255 motions without first seeking leave to do so from the circuit court); *United States v. Camejo–Rodriguez,* 2011 WL 338423 at * 1 (11th Cir. Feb. 4, 2011); *Boyd v. Elmira County,* 2005 WL 27535 at * 1 (W.D. N.Y. Jan. 3, 2005) (*Castro* warning in § 2254 case). No warning is necessary here because that only applies to first petitions, whereas this is Miller's *third,* and he has shown no "integrity" defect in the prior § 2254 proceedings that would authorize this Court to deem this latest filing a "first" petition, thus necessitating a *Castro* warning.

[4] *See* the above case citations showing *eight* years of repetitive habeas litigation.

5

*Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (imposing, *inter alia*, a $500 sanction on a pro se inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting "paper-less review" of any future collateral attack filings) (*applied in United States v. Hall*, CV493-045, doc. 21 (S.D. Ga. Mar. 21, 2010) (imposing $200 sanction against serial habeas filer and instituting "paper-less review" of any future filings));[5] *see also Thomas v. Bartow*, 2010 WL 252927 at * 1 (E.D. Wis. Jan. 15, 2010) (citing *Alexander*, 121 F.3d at 315, in warning successive § 2254 filer that court would impose pre-filing injunction and monetary sanction); *Jackson v. United States*, 2010 WL 3418908 at * 1 (S.D. Ga. Aug. 18, 2010), *adopted*, 2010 WL 3418907 (S.D. Ga. Aug. 30, 2010).

---

[5] More specifically, the Court explained that

> [a]ny future filings of any kind by [the serial filer in that case] will be deemed rejected, without the need for judicial action, on the 30th day after the date of each filing, unless the Court orders otherwise. "That will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention. [A judge of this Court] will read any future [filings], even though we will not necessarily enter an order addressing [same], so [the serial filer] will not lose the benefit of any decision made retroactive by the Supreme Court."

*Id.* at 9 (quoting *Alexander*, 121 F.3d at 315).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 17th day of May, 2011.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA