UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GERALD H. MILLER,

Plaintiff,

v.                    4:11-cv-65

WARDEN STANLEY WILLIAMS, and STATE BOARD OF PARDONS and PAROLES, et al.,

Defendants.

## ORDER

Before the Court are Plaintiff Gerald H. Miller's ("Miller") "Motion for 'TRO' and Preliminary Injunction," "Motion for Clearification [sic] of Why the Court Continues to Deny Petitioner Due Process of Law," and "Motion for Leave to Proceed in Forma Pauperis." *See* Docs. 30; 35; 36.

Miller alleges that Warden Stanley Williams ("Williams") went into Miller's locker while Miller was absent and "took all of [Miller's] legal mail, legal materials, transcripts, law books, Christian books. [Williams] misused his authority taking [Miller's] property in retaliation for [Miller's] filing and application for 'executive clemency hearing.'" Doc. 30 at 1. Miller beseeches the Court to order the return of his property. *See id.* at 3.

If a prisoner believes that individuals are retaliating against him for filing a lawsuit, he may bring a First Amendment retaliation claim under § 1983. *See Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989) ("To state a first amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right. . . . The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech.").

A § 2254 motion, however, is not the proper vehicle for such a claim. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." (emphasis added)). With his "Motion for 'TRO' and Preliminary Injunction," Miller beseeches this Court to evaluate the potential success of a retaliation claim. *See Keeton v. Anderson-Wiley*, 2011 WL 6275932, at *1 (11th Cir. Dec. 16, 2011) ("A district court may grant a preliminary injunction only when the moving party demonstrates . . . a substantial likelihood of success on the merits . . . ."). Miller seeks only the return of his property. *See* Doc. 30 at 3. Thus, the conduct Miller alleges and the relief he seeks in his new motion is unrelated to the propriety of his custody. Thus, Miller's motion for injunctive relief is improper.

The Court also notes that Miller does not allege that he has received additional punishment or revocation of imprisonment time already accrued in retaliation for his filings. *See, e.g., Adamson v. McNeil*, 353 F. App'x 238, 238-39 (11th Cir. 2009).

Miller, however, is not without adequate avenues for relief; he is free to initiate a new civil action concerning his allegations. Regardless, this Court will not contort Miller's habeas motion to accommodate his new claim and request for injunctive relief.

Miller's "Motion for 'TRO' and Preliminary Injunction" is **DENIED**.

Miller has filed another Federal Rule of Civil Procedure 60(b) motion for relief from judgment. *See* Doc. 35. This time, Miller asks that the Court "explain why it unfairly and unreasonably denied his [previous] Rule 60(b) motion." *See id*. at 2. Miller again asserts errors in his state conviction. See id. at 3-5. For reasons previously stated by this Court, Miller's latest Rule 60(b) motion is **DENIED**. *See* Doc. 27.

Miller asks the Court for in forma pauperis ("IFP") status on appeal. *See* Doc. 36. The Court, however, has already denied Miller the ability to appeal IFP. *See* Doc. 32; *see also* Doc. 17. Accordingly, Miller's latest motion for IFP status on appeal is **DENIED**.

## CONCLUSION

Miller's "Motion for 'TRO' and Preliminary Injunction," "Motion for Clearification [sic] of Why the Court Continues to Deny Petitioner Due Process of Law," and "Motion for Leave to Proceed in Forma Pauperis," s*ee* Docs. 30; 35; 36, are **DENIED**.

This 17th day of January 2012.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA