UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**GERALD H. MILLER,**

**Petitioner,**

v.  4:11-cv-65

**WARDEN STANLEY WILLIAMS, and STATE BOARD OF PARDONS and PAROLES, et al.,**

**Respondents.**

## ORDER

### I. INTRODUCTION

Before the Court are Petitioner Gerald H. Miller's ("Miller") "Motion in Opposition to the State's Censorship of Petition[er]'s Mail" and "Motion for Leave to Proceed In Forma Pauperis." *See* Docs. 50; 51.

### II. BACKGROUND

Miller is a serial filer in this Court. *See Miller v. Jarriel*, No. 6:08-cv-104, Doc. 6 (S.D. Ga. 2008) (dismissing Miller's 28 U.S.C. § 2254 motion as untimely and successive); *Miller v. Trawick*, No. 4:03-cv-206, Doc. 12 (S.D. Ga. 2003) (dismissing Miller's 42 U.S.C. § 1983 complaint); *Miller v. Terry*, No. 4:03-cv-160, Doc. 15 (S.D. Ga. 2003) (dismissing Miller's § 2254 petition as time-barred).

On March 7, 2011, Miller filed a complaint, which this Court construed as a § 2254 petition. *See* Docs. 1; 5; 9. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the dismissal of Miller's § 2254 petition as impermissibly successive. *See* Doc. 5 at 5. This Court adopted the R&R over Miller's objections and dismissed his case. *See* Docs. 8; 9.

Miller then proceeded to file a series of unsuccessful post-judgment motions and appeals. *See* Docs. 11-13; 15; 17; 21; 24-28; 32; 43. On January 17, 2012, this Court denied Miller's motion for a temporary restraining order and preliminary injunction, motion for relief from judgment, and motion for leave to appeal in forma pauperis. *See* Doc. 39; *see also* Docs. 30; 35; 36. Miller appealed. *See* Doc. 40. After a limited remand from the Eleventh Circuit, this Court reopened the appellate filing period but denied Miller leave to proceed in forma pauperis ("IFP"). *See* Docs. 44-48.

### III. ANALYSIS

Miller claims violations of his right to access to the courts and his right to free speech under the First Amendment and moves to restrain the Court or the State of Georgia from restricting or blocking his outgoing and incoming mail. *See* Doc. 50 at 1, 4-5. Miller claims he never received the Court's January 17, 2012 Order and that various letters requesting legal assistance from individuals and letters to his uncle have been returned to him with a yellow label reading "Return to Sender Not Deliverable as Addressed Unable to Forward." *See id.* at 2.

"[P]risoners have a constitutional right to access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Yet, in order to state a claim for denial of access to the courts, a plaintiff must plead and prove

prejudice or an "actual injury" stemming from the alleged interference. *See Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). Moreover, "[m]ail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). A prisoner retains "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

Miller's motion, however, is due to be denied. First, this Court rejects as frivolous Miller's claim that this Court has censored or instituted a policy to impede his mail. Second, he has raised his First Amendment claims in the wrong procedural vehicle. These claims should be raised in a newly filed § 1983 complaint. *See* 42 U.S.C. § 1983; *see also* Doc. 39 at 1 (informing Miller that he may raise his First Amendment retaliation claims in a § 1983 action).[1] He is free to initiate a new civil action concerning these allegations.[2] Accordingly, Miller's motion is *DENIED*.

As recognized by Miller, however, this Court has previously rejected similar claims raised by Miller. *See* Doc. 50 at 2; *Miller v. Johnson*, No. 6:07-cv-50, Doc. 13 (S.D. Ga. 2007) (dismissing Miller's § 1983 complaint and rejecting Miller's claim that he had been impermissibly denied access to the courts). Furthermore, his unceasing paper-war with this Court undermines his claim that the prison is blocking his mail. *See* Doc. 5 at 5 (stating that "given Miller's unceasing paper-war against this Court, a $500 filing sanction should now be imposed against him"). Other than the January 17, 2012 Order, he makes no allegation that the Court has not received his motions and briefs or that he has not received this Court's other orders in his series of cases. Nor has Miller indicated that the letters returned as undeliverable were not in fact improperly addressed.

Miller also seeks leave to proceed IFP. *See* Doc. 51. This Court already granted him leave to proceed IFP in this action. *See* Docs. 5 at 1; 9.[3] Therefore, his motion is *DENIED* as *MOOT*. If Miller chooses to initiate a new § 1983 action alleging First Amendment violations, he will need to move anew for leave to proceed IFP in that action.

IV. CONCLUSION

Miller's "Motion in Opposition to the State's Censorship of Petition[er]'s Mail" is *DENIED*. *See* Doc. 50.

Miller's "Motion for Leave to Proceed In Forma Pauperis" is *DENIED* as *MOOT*. *See* Doc. 51.

---

[1] Moreover, to the extent Miller is here raising claims currently on appeal, this Court is without jurisdiction to entertain such claims. *See* Docs. 39; 40; *United States v. Reed*, 404 F. App'x 464, 465 (11th Cir. 2010) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[2] Miller is warned, however, not to burden this Court with frivolous complaints.

[3] This Court previously denied Miller leave to appeal IFP on his pending appeal. *See* Docs. 40; 46; 48.

This 13th day of August 2012.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA